Appeal of MOBILE DRUG CO.          Docket No. 1079.

Salaries disallowed.

Submitted February 26, 1925; decided March 30, 1925.

*H. A. Mihills, C. P. A.*, for the taxpayer.

*Willis D. Nance, Esq.*, for the Commissioner.

Before HAMEL, *Chairman*, JAMES, STERNHAGEN, and TRUSSELL.

This is an appeal from a determination by the Commissioner of a deficiency in income and profit taxes against the taxpayer in the sum of $6,293.41 for the year 1918, as shown by deficiency letter dated November 8, 1924. The deficiency arose from the refusal of the Commissioner to allow a deduction of an item of $15,250 for additional salary allowances credited on the books of the taxpayer January 31, 1919, as of December 31, 1918.

FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Alabama with its principal place of business at Mobile, Ala., and is engaged in the wholesale and manufacturing drug business.

2. The corporation is a close corporation, whose stockholders consist of the father, mother, and three sons, to wit: Samuel Eichold, Carrie H. Eichold, Milton A. Eichold, Hugo V. Eichold, and Bernard H. Eichold. The father, Samuel Eichold, died January 31, 1925, so the present stockholders consist of the mother and three sons. The five stockholders were also the five directors. The family conducted the business for over 30 years. The father and the three sons for the year 1918 and several years prior thereto devoted all their time to the business of the taxpayer. The management of the business was divided up among these stockholders. Samuel Eichold, the father, had charge of the finance department; Milton A. Eichold had charge of traveling salesmen and sales department; Hugo V. Eichold had charge of the credits and part of the buying; and Bernard H. Eichold had charge of the manufacturing, buying, pricing, and city sales department. The mother held a share to qualify as director. The territory of the business included Mobile and other parts of Alabama and Florida, and some of it extended to Central and South America. Two members of the firm spent the greater part of their time traveling for the company.

3. Meetings of the directors were held informally about once a month to discuss business affairs, sometimes every two or three weeks, depending upon when all could be present. No permanent record of the proceedings of these meetings was kept during the year 1918 or prior thereto. Annual meetings were held in the month of January.

4. During the year 1915 the sons had an opportunity to leave the company and obtain larger compensation, but the father, as an inducement to have them remain with the company, caused an agreement to be signed by the stockholders, as follows:

This agreement made and entered into on the first day of January 1915, by the parties subscribing thereto for the purpose of preventing a disorganization of the Mobile Drug Co. and for the parties concerned to make greater efforts of cooperation in order to produce greater income.

It is agreed that the four parties at interest and owning more than 95% of the capital stock in the said corporation are to receive in addition to their regular drawing account other compensation annually, the same to be determined by mutual consent and agreement, contingent upon the value and services rendered. It is further agreed that in accordance with previous customs, no interest shall be paid on all balances remaining to the credit of either party and shall not be withdrawn, unless the financial condition of the business warrants the same and with the approval of the President.

It is further agreed that this agreement shall remain in the possession of Samuel Eichold and to remain binding during his life time.

Signed in the presence of each other.

| | |
|---|---|
| (Signed) | SAMUEL EICHOLD. |
| (Signed) | BERNARD H. EICHOLD. |
| (Signed) | MILTON A. EICHOLD. |
| (Signed) | HUGO V. EICHOLD. |

Thereafter the sons remained actively with the business until the present time.

5. During the year 1918, $28,300 was actually set aside as salaries or drawing accounts for the officers. At the annual meeting of January 31, 1919, bonus salaries were allowed totaling $15,250 as of December 31, 1918, making a total of $43,550 for the year 1918. From the records of January 31, 1919, it appears that there were two meetings on that date. In the first meeting it was decided to declare 6 per cent dividends and also to take $17,000 from the undivided profits account and distribute $34 per share. In the second meeting of that day additional salaries of $15,250 were allowed as follows:

| | |
|---|---|
| Samuel Eichold | $7,500 |
| Milton A. Eichold | 3,000 |
| Benard H. Eichold | 2,750 |
| Hugh V. Eichold | 2,000 |
| Total | 15,250 |

The financial statement of 1918 was amended to include this latter arrangement.

6. The minutes and financial statement of the meetings referred to in the foregoing paragraph were as follows:

MOBILE, ALA., *Jany. 31st, 1919.*

The Annual Meeting of the Board of Directors of the Mobile Drug Co. was held at the office of the Company at 12:30 P. M. this date.

The following Directors, constituting a quorum being present:

Saml. Eichold, B. H. Eichold, M. A. Eichold, Carrie H. Eichold and H. V. Eichold.

The following statement was submitted by the President for the year ending December 31st, 1918:

STATEMENT.

| | | |
|---|---|---|
| Amounts Charged to Profit & Loss | $5,719.37 | |
| Expense | 79,935.44 | |
| | | $85,654.81 |
| Amounts Credited to Profit & Loss | 731.64 | |
| Interest & Exchange | 2,747.47 | |
| Mdse. | 126,609.63 | |
| | | 130,088.74 |
| Gain | | 44,433.93 |

*Assets.*

| | | |
|---|---|---|
| Cash | $13,197.73 | |
| Bills Rec | 1,455.00 | |
| Accts Rec | 73,112.43 | |
| Fixtures | 2,065.22 | |
| Motor Truck | 400.00 | |
| Automobiles | 500.00 | |
| Inventory | 86,616.78 | |
| | | $177,347.16 |

*Liabilities.*

| | | |
|---|---|---|
| Capital Stock | 50,000.00 | |
| Undivided Profits | 61,714.46 | |
| Accounts Payable | 21,198.77 | |
| | | 132,913.23 |
| Gain | | 44,433.93 |

Motion by M. A. Eichold that report be received and filed, seconded and carried.

Motion by B. H. Eichold, which was duly seconded and carried, a dividend of 6% was declared from the earnings of the Company and the remainder $41,433.93 placed to the Credit of Undivided Profits account.

Motion by B. H. Eichold which was duly seconded and carried the sum of $17,000.00 was ordered taken from the Undivided Profits Account and distributed among the Stockholders of the Company, so that each stockholder shall receive $34.00 per share for each share of Stock owned by him or her.

Motion by H. V. Eichold which was duly seconded and carried, Sam'l Eichold was reelected President for the ensuing year and salary made Ninety Six Hundred dollars per annum and B. H. Eichold reelected Secretary, without Salary.

There being no further business the meeting adjourned until 6 P. M. for consideration of further compensation for services during the past year of Saml. Eichold, B. H. Eichold, Milton A. Eichold and Hugo V. Eichold.

Adjourned Meeting Jany 31st, 1919.

The adjourned meeting of the Board of Directors of the Mobile Drug Co. held this morning was called to order by President Saml. Eichold.

The following Directors constituting a quorum being present:

Saml. Eichold, B. H. Eichold, M. A. Eichold, and Hugo V. Eichold & Carrie H. Eichold.

On motion of B. H. Eichold, seconded by M. A. Eichold, the agreement heretofore existing between the various managers of the business relative to special compensation to be paid them, business conditions permitting, the following resolution was offered by B. H. Eichold.

Resolved that the outcome of the past years business has proven the anticipated results and that the following amounts be paid as additional salaries, to wit:

| | | | | |
|---|---|---|---|---|
| Samuel Eichold | $7,500.00 | | B. H. Eichold | $2,750.00 |
| M. A. Eichold | 3,000.00 | | Hugo V. Eichold | 2,000.00 |

Carried.

Upon motion of Hugo V. Eichold, seconded by M. A. Eichold the amounts so paid as above are to be considered as a loan to the Company and are not to be withdrawn until the President deems conditions will warrant so doing. Motion lost.

AMENDED STATEMENT.

ADJOURNED MEETING CONTINUED.

*Statement.*

| | | |
|---|---|---|
| Amounts charged to Profit & Loss | | $5,719.37 |
| Expense | $79,935.44 | |
| Bonus Accounts | 15,250.00 | |
| | | 95,185.44 |
| | | $100,904.81 |

| | | |
|---|---:|---:|
| Amounts credited to P. & Loss | $731. 64 | |
| Interest & Exchange (Cash Discts) | 2, 747. 47 | |
| Mdse | 126, 609. 63 | |
| | | $130, 088. 74 |
| Gain | | 29, 183. 93 |

### Assets.

| | | |
|---|---:|---:|
| Cash | 13, 197. 73 | |
| Bills Rec | 1, 455. 00 | |
| Accts. Rec | 73, 112. 43 | |
| Fixtures | 2, 065. 22 | |
| Motor Truck | 400. 00 | |
| Automobiles | 500. 00 | |
| Inventory | 86, 616. 78 | |
| | | 177, 347. 16 |

### Liabilities.

| | | |
|---|---:|---:|
| Capital Stock | 50,000. 00 | |
| Undivided Profits | 61, 714. 46 | |
| Accounts Payable | 36, 448. 77 | |
| | | 148, 163. 23 |
| Gain | | 29, 183. 93 |

The meeting then adjourned.

B. H. EICHOLD, *Secty.*

S. EICHOLD, *Pres.*

7. A comparison of the annual statement of 1918 and the amended statement for that year shows that it was only amended to include this additional expense with " bonus accounts " in the appropriate places.

| | | |
|---|---:|---:|
| Expense was changed from | $79, 935. 44 to | $95, 185. 44 |
| Total expense was changed from | 85, 654. 81 to | 100, 904. 81 |
| Gain was changed from | 44, 443. 93 to | 29, 183. 93 |
| Accounts payable was changed from | 21, 198. 77 to | 36, 448. 77 |
| Total liablties was changed from | 132, 913. 23 to | 148, 163. 23 |
| Gain was changed from | 44, 443. 93 to | 29, 183. 93 |

8. The bonus accounts were carried under " accounts payable " but were, in fact, not actually drawn until subsequent times in 1919. It was the policy of the officers to draw their salaries only as needed and to leave as much as possible for capital purposes.

9. The total assets of the taxpayer as set up on the books as of December 31, 1918, was $177,347.16, and the total liability $132,913.23. The invested capital as computed by the Commissioner was $109,-309.07, and the net income $54,392.18. There is no showing of the volume of business, previous earnings, or other comparatives upon which to determine the reasonableness of salary allowances except as above stated.

### DECISION.

The determination of the Commissioner is approved.